IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELSIE WILLIAMS,** | : | Civil No. 1:21-CV-1506 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MICHAEL A. KORN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Statement of Facts and of the Case

This case, which has been removed by the defendants to federal court, arises out of an automobile accident that occurred on December 15, 2018. The circumstances surrounding this accident are described in a 10-page, 45-paragraph complaint filed by the plaintiff. (Doc. 1). This complaint alleges that on December 15, 2018, Michael Korn, a professional commercial driver who was employed by USA Truck, Inc., stopped at Love's Stop #358 on Interstate 81 for vehicle maintenance. (Id., ¶ 13). As part of this maintenance, Love's performed work on the rear dual wheels of the USA Truck's trailer. (Id., ¶ 14). Following this maintenance, Korn's tractor trailer proceeded southbound on I-81. (Id., ¶¶ 14-16).

At approximately 2:43 p.m. on December 15, 2018, as Korn was driving southbound on I-81, the rear dual wheels that had been recently been serviced by Love's detached from the tractor trailer and began bounding down the highway. (Id., ¶ 18). The plaintiff, Elsie Williams was operating a car that was following behind Korn's tractor trailer on the Interstate. The detached dual rear wheels violently struck Ms. Williams' car, causing her to careen into a concrete highway barrier. (Id., ¶¶ 18-20). According to the complaint, Williams suffered significant injuries as a result of this mishap, including a broken pelvis, neck and back injuries, multiple sprains, post-concussion syndrome, cognitive impairment, headache, loss of balance, dizziness, depression and flashbacks. (Id., ¶ 25).

Williams now brings four claims against Korn, USA Truck, Inc., and Love's. Specifically, Williams' complaint lodges claims of negligence and recklessness against both Korn and Love's, as well as asserting claims of negligence and *respondeat superior* liability against USA Trucks. (Id., Counts I-IV). Williams' allegations of recklessness against Korn and Love's, in turn, support claims for punitive damages against these defendants. (Id.) The complaint then contains a specific and detailed description of the ways in which Korn and Love's acted in what is alleged to have been a negligent and reckless fashion. In particular, the complaint alleges that Korn, as a professional driver, acted recklessly by failing to exercise

reasonable care in the operation of the tractor trailer, in neglecting to exercise the high degree of care expected of a professional driver, and in failing to inspect the tractor trailer following the Love's repair to discover unsafe or dangerous conditions. (Id., ¶ 22). The complaint also describes some 11 different ways in which it is alleged that Love's repair work was recklessly deficient and caused the injuries to Ms. Williams. (Id., ¶ 40 a-k).

Despite these factual averments of recklessness, defendants Korn and Love's have each have filed a motion to partially dismiss this complaint. (Docs. 8, 14). These motions seek dismissal of recklessness and punitive damages claims lodged against them, arguing that the complaint fails as a matter of law to state a claim upon which punitive damages may be awarded. Thus, it is against the backdrop of these well-pleaded facts that we are asked to conduct a preliminary assessment of whether the plaintiff has alleged sufficient facts to pursue a Pennsylvania state law claim for punitive damages grounded upon allegations reckless conduct by Korn and Love's.

At this juncture, where our review is cabined and confined to the well-pleaded facts set forth in the complaint, we conclude that this complaint satisfies federal pleading standards and the plaintiff's allegations, if proven, could support a claim for punitive damages under Pennsylvania law. Therefore, we will deny these

motions to dismiss without prejudice to renewal of these claims, if appropriate, at summary judgment upon a fully developed factual record.

## II. Discussion

### A. Motion to Dismiss–Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679.

5

According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263,

7

268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B.     Punitive Damages Under Pennsylvania Law

Defendant Korn and Love's are charged in a multi-count complaint with negligent, careless, and reckless conduct. To the extent that these counts bring claims for punitive damages under state law, Pennsylvania law sets an exacting standard for

the award of punitive damages in tort cases:

> Pennsylvania has adopted Section 908 of the Restatement (Second) of Torts, which provides that punitive damages may be "awarded to punish a defendant for outrageous conduct, which is defined as an act which, in addition to creating 'actual damages, also imports insult or outrage, and is committed with a view to oppress or is done in contempt of plaintiffs' rights.' ... Both intent and reckless indifference will constitute a sufficient mental state." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3d Cir. 1997) (quoting Delahanty v. First Pa. Bank, N.A., 318 Pa.Super. 90, 464 A.2d 1243, 1263 (1983)).

W.V. Realty, Inc. v. N. Ins. Co., 334 F.3d 306, 318 (3d Cir. 2003).

As the Pennsylvania Supreme Court has observed:

The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); see also Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991); Feld, 485 A.2d at 747-48; Chambers, 192 A.2d at 358. See also Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908 (1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or

9

> malicious." See Feld, 485 A.2d at 748; see also Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

Hutchison ex rel. Hutchison v. Luddy, 582 Pa. 114, 121-22, 870 A.2d 766, 770-71 (2005).

> In Hutchinson the Pennsylvania Supreme Court also:
>
> [S]et forth the standard the courts are to apply when called upon to determine whether the evidence supports a punitive damages award on such a basis. Noting that Comment b to Section 908(2) of the Restatement refers to Section 500 as defining the requisite state of mind for punitive damages based on reckless indifference, this Court turned to Section 500, which states:
>
> § 500 Reckless Disregard of Safety Defined: The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent. Restatement (Second) of Torts § 500.

Id., at 771. Noting that Section 500 set forth two very different types of state of mind as to reckless indifference, the Pennsylvania Supreme Court adopted the narrower reading of this state of mind requirement when addressing punitive damage claims, concluding that "in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id., at 772.

In motor vehicle accident cases where claims for punitive damages are pleaded by plaintiffs, defendants often invite courts to dismiss these punitive damage claims. Yet, such invitations, while frequently made by defendants, are rarely embraced by the courts. Instead, courts routinely deny requests to dismiss punitive damages claims in motor vehicle accident cases at the outset of litigation. See e.g., Kerlin v. Howard, No. 4:18-CV-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018); Wydra v. Bah, No. 3:15-CV-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); Cobb v. Nye, No. 4:14-CV-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (citing Young v. Westfall, No. 4:06–CV–2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer)); Ferranti v. Martin, No. 3:06-CV-1694, 2007 WL 111272, at *2 (M.D. Pa. Jan. 19, 2007) (Munley, J.) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery).

As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct. Moreover, because the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone, but must await the development of a full factual record at trial. See generally, In re Lemington Home

for the Aged, 777 F.3d 620, 631 (3d Cir. 2015). Therefore, where a plaintiff's right to punitive damages may turn on the significance afforded to disputed factual questions, defendants are not entitled to a judgment in their favor on the plaintiff's punitive damages claims as a matter of law at the outset of the litigation. See Burke v. TransAm Trucking, Inc., 605 F.Supp.2d 647, 649 (M.D. Pa. 2009); Garden State Tire Realty Corp. v. R.K.R. Hess Assocs., Inc., 762 F. Supp. 92, 93 (M.D. Pa. 1990).

These legal benchmarks guide us in consideration of these motions to dismiss Williams' punitive damages claims.

### C. These Motions to Dismiss Should Be Denied.

Defendants Korn and Love's have moved to dismiss the punitive damages claims set forth in this complaint, alleging that the well-pleaded facts described in this 10-page, 45-paragraph complaint are insufficient to state a claim upon which relief may be granted.

We disagree.

Recognizing that federal pleading requirements set a plausibility standard for civil complaints, we acknowledge that, "[a] complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955)." Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed.

...

2d 644 (U.S. 2012). In the instant case, fairly construed, this civil complaint meets the pleading requirements prescribed by federal law in that it states a plausible and legally sufficient claim for punitive damages. While we recognize that the plaintiff will ultimately be required to satisfy an exacting burden of proof to sustain these state law punitive damages claims, at this stage of the litigation, where we are considering a motion to dismiss, we find that the plaintiff has alleged sufficient well-pleaded facts to permit this case to proceed forward on these punitive damages claims.

Accepting the well-pleaded facts set forth in the complaint, as we must when examining a motion to dismiss, it describes a singular set of circumstances: A repair performed by Love's on the rear dual wheels of Korn's tractor trailer, which was followed by those wheels coming detached from the tractor trailer on the highway and striking another vehicle. These well-pleaded allegations permit an inference that Love's acted in a reckless fashion in a series of ways that violated the duty of care it owed to others, as well as state traffic laws and federal highway safety regulations, when it performed these truck repairs. Further, given what is described as a catastrophic failure of the dual rear wheels on this tractor trailer shortly after these repairs were performed, the well-pleaded facts would also permit an inference that Korn may have acted recklessly in failing to inspect and ensure the safety of this vehicle before he proceeded onto the highway.

As we have noted, Pennsylvania law sets a high and exacting standard for the award of punitive damages. "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison, 870 A.2d at 772. While this is a precise burden of pleading and proof, the well-pleaded facts set forth in the complaint plausibly state claims for punitive damages under Pennsylvania law since, fairly construed, this complaint alleges that reckless behavior caused this fatal accident. Such averments, as a matter of pleading, are sufficient to state a claim for punitive damages in this factual setting. See e.g., Kerlin, 2018 WL 4051702, at *1; Wydra, 2016 WL 297709, at *2; Cobb, 2014 WL 7067578, at *4 (citing Young, 2007 WL 675182, at *2 (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer)); Ferranti, 2007 WL 111272, at *2 (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery). Therefore, when viewed in the light of these well-pleaded facts set forth in the complaint, a basis lies in this case for a claim of punitive damages against defendants Korn and Love's. Accordingly, the defendants are not entitled to the dismissal of this punitive damages claim at the outset of this litigation, and this motion to dismiss should be denied. See Burke, 605 F.Supp.2d at 649 (denying summary judgment on punitive damages

claim); Garden State Tire Realty Corp., 762 F. Supp. at 93 (denying motion to dismiss punitive damages claim).

Of course, this judgment rests solely upon our assessment of the pleadings. Therefore, should the discovery process reveal undisputed facts which negate any claim of recklessness on the part of Korn or Love's the defendants should feel free to renew these claims through a properly documented motion for summary judgment. In the meanwhile, however, for the foregoing reasons the Defendants' Motions to Dismiss, (Docs. 8 and 14) will be DENIED.

An appropriate order follows.

s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

DATED: November 10, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELSIE WILLIAMS,** | : | Civil No. 1:21-CV-1506 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MICHAEL A. KORN, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 10th day of November 2021, in accordance with the accompanying Memorandum Opinion, the Defendants' Motions to Partially Dismiss the Plaintiff's Complaint, (Docs. 8 and 14) are DENIED without prejudice to renewal of these claims, if appropriate, at summary judgment upon a fully developed factual record.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
